

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GHALEB AZROUI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 10 C 4772 |
| SHARON HAHS; JEFFREY BROWN; | ) |
| CHONG TONG CHEN; | ) Judge John W. Darrah |
| CHRISTINE DOUGLAS; | ) |
| MICHAEL KELLY; LAWRENCE FRANK; | ) |
| NAUZER BALASARA; ALAN SHUB; | ) |
| JAMES LYONS, JR.; | ) |
| PAUL KRUSZYNSKY; DAVID DECLET; | ) |
| and UNKNOWN POLICE OFFICERS | ) |
| FROM NORTHEASTERN ILLINOIS | ) |
| UNIVERSITY POLICE DEPARTMENT. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ghaleb Azroui, has filed a Second Amended Complaint against various employees of Northeastern Illinois University ("NEIU"), alleging violations of his constitutional rights under 42 U.S.C. §§ 1983, 1985, and 1986, stemming from two separate incidents at NEIU. Before the Court is Defendants Sharon Hahs, Jeffrey Brown, Chong Tong Chen, Christine Douglas, Michael Kelly, Lawrence Frank, Nauzer Balasara, Alan Shub, and James Lyons, Jr.'s (collectively, "Defendants") Motion to Dismiss certain claims set out in Azroui's Second Amended Complaint.

## BACKGROUND

The following facts are taken from Azroui's Second Amended Complaint and are accepted as true for purposes of resolving this Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

Azroui received a Bachelor of Arts from NEIU. (Sec. Am. Compl. ¶ 6.) NEIU is a state-owned and operated university located in the City of Chicago. (*Id.* ¶ 9.) At all times relevant to the Second Amended Complaint, Defendants Hahs, Kelly, Frank, and Brown were employed as the president, dean of students, provost, and counsel at NEIU, respectively. (*Id.* ¶¶ 11-5.) Defendants Chen, Douglas, Balasara, and Shub were employed in the Accounting, Finance, and Business Department at NEIU in various capacities. (*Id.* ¶¶ 16-19.) James Lyons was the chief of the NEIU police force, and Paul Kruszynsky and David Declet were employed as NEIU police officers. (*Id.* ¶¶ 20-22.)

Azroui's Second Amended Complaint involves two incidents that took place on NEIU's campus. Each incident led to criminal proceedings against Azroui in Cook County Circuit Court for the offense of criminal trespass. First, on September 25, 2007, Azroui went to the NEIU campus to register for master-level courses. (*Id.* ¶ 23.) When he was on campus, Azroui was arrested for the offense of criminal trespass to state-supported land and incarcerated by officers whom he cannot identify. (*Id.* ¶¶ 24-25, 27.) Azroui alleges that his arrest was ordered by Defendants Lyons and Kruszynsky. (*Id.* ¶ 26.) During his incarceration, Azroui alleges that he experienced emotional and physical distress. (*Id.* ¶ 28.) Based on the September 25, 2007 arrest, Azroui was

2

charged with criminal trespass on September 28, 2007. (*Id.* ¶ 29.) On November 8, 2007, the case against Azroui was terminated in a manner, Azroui alleges, that indicated he was innocent. (*Id.* ¶ 30.)

Second, on February 24, 2009, Azroui again went to the NEIU campus. (*Id.* ¶ 32.) Azroui was arrested, incarcerated, and charged with criminal trespass to state-supported land. (*Id.* ¶¶ 34, 38, 40.) Azroui alleges his arrest was ordered by Defendants Lyons and Kruszynsky. (*Id.* ¶ 36.) Azroui was arrested by NEIU officers, including Officer Declet. (*Id.* ¶ 35.) Following a bench trial in Cook County Circuit Court on April 23, 2009, Azroui was found not guilty. (*Id.* ¶ 41.) On July 1, 2009, the Circuit Court ordered the NEIU police to expunge Azroui's arrest records. (*Id.* ¶ 43.) Azroui alleges that the NEIU police have refused to expunge his record. (*Id.* ¶ 45.)

Azroui proceeded to file two lawsuits in Cook County Circuit Court. First, on June 22, 2009, Azroui filed a complaint in Cook County Circuit Court against Defendants Douglas, Shub, Balasara, Hahs, Brown, Kelly, Frank, and Lyons for claims of unlawful arrest and conspiracy to prevent him from continuing his education at NEIU. (*Id.* ¶ 63.) These claims appear to have been related to his September 2007 arrest. On July 20, 2009, Azroui voluntarily dismissed his case without prejudice. (*Id.* ¶ 64.)

Second, on February 25, 2010, Azroui filed a complaint in Cook County Circuit Court against the same Defendants against whom he brought his first Complaint, for what appears to be claims relating to his September 25, 2007 arrest. (*Id.* ¶ 65.) On June 29, 2010, the Circuit Court dismissed Azroui's complaint because his claims were

barred by the doctrine of sovereign immunity. (*Id.* ¶ 66.)

Azroui then filed a complaint in this Court on June 29, 2010, which has since been amended. In his Second Amended Complaint, Azroui generally alleges that "all defendants conspired to act together to ban [him] from the University, have him unlawfully arrested for being present on the grounds of the University, and have him criminally prosecuted under the laws of Illinois." (*Id.* ¶ 49.) These actions, Azroui alleges, were motivated by racial discrimination because he is from the country of Jordan. (*Id.* ¶ 50.) Azroui also alleges that Defendants Hahs, Brown, Kelly, Frank, Chen, Shub, and Lyons "failed to investigate his complaints of discrimination and, in fact routinely covered up those complaints in further conspiracy against [Azroui]." (*Id.* ¶ 52.) As a result of Defendants' various actions, Azroui alleges that he suffered "great emotional harm and that harm has been long term and severe." (*Id.* ¶ 60.)

In his Second Amended Complaint, Azroui brings Section 1983 "False Arrest/Unlawful Detention" claims relating to his September 25, 2007 and February 24, 2009 arrests (Counts I and Count III, respectively). He also brings state-law "False Arrest" claims relating to these arrests (Counts VII and VIII, respectively). Azroui brings Section 1983 "Malicious Prosecution" claims relating to his two charges of criminal trespass in 2007 and 2009. (Counts II and IV, respectively). Azroui brings state-law "Malicious Prosecution" claims relating to his 2007 and 2009 arrests (Counts IX and X, respectively). In addition, Azroui brings a Section 1985 "Conspiracy [] Depriving Person of Rights and Privileges" (Count V), Section 1986 "Neglect to Prevent

4

Conspiracy" (Count VI), and a state-law conspiracy claim (Count XI). Last, Azroui brings a state-law claim for intentional infliction of emotional distress (Count XII).

Defendants move to dismiss Azroui's Second Amended Complaint in part; in particular they appear to move to dismiss all counts except for Counts III, VIII, and X.[1]

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id*. However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (*Twombly*). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*Iqbal*). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[1] Although it is not entirely clear which Counts Defendants move to dismiss, Defendants do not make any arguments with respect to Counts III, VIII, and X, which relate to Azroui's 2009 arrest. However, to date, only Defendant Lyons has filed an Answer to these Counts.

statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

## ANALYSIS

### Claims Based on September 2007 Arrest

Defendants argue that all claims relating to Azroui's September 2007 arrest are time-barred. This arrest forms the basis for certain of Azroui's federal and state-law false arrest and malicious prosecution claims (Am. Compl., Counts I, II, VII, and IX), and forms a partial basis for his Sections 1985 and 1986 conspiracy claims. (*Id.*, Counts V, VI, and XI.)

A two-year statute of limitations applies to Section 1983 claims brought in Illinois. *Kalimara v. Ill. Dep't of Corr.*, 879 F.2d 276, 277 (7th Cir. 1989). A Section 1983 "claim accrues when the plaintiff knows or has reason to know of the injury giving rise to the cause of action." *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992).

Therefore, any civil-rights claim that Azroui might be able to assert relating to his September 2007 arrest would have accrued on November 8, 2007, the date that Azroui alleges his criminal case was terminated. (Sec. Am. Compl. ¶ 30.) Therefore, the statute of limitations on claims relating to his 2007 arrest expired on November 8, 2009, before he filed his Complaint in this Court on June 29, 2010.

In response, Azroui argues that the statute of limitations is tolled by the "one-year grace period" provided by Section 13-217 of the Illinois Code of Civil Procedure. 735 ILCS 5/13-217. Section 13-217, also known as the "one refiling" rule, provides that

6

a plaintiff who voluntarily dismisses a suit "may commence a new action within one year or within the remaining period of limitation, whichever is greater." *Carr v. Tillery*, 591 F.3d 909, 914 (7th Cir. 2010) (citing 735 ILCS 5/13-217).

Defendants argue that even taking into account the one-refiling rule, Azroui's claims relating to the September 2007 arrest are time-barred. Azroui dismissed his state-court complaint on July 20, 2009 and so his one-year re-filing period expired on July 20, 2010; however, he filed his Complaint in this Court on July 29, 2010. (Dkt. No. 1.) Azroui's counsel argues that the "cover sheet in Plaintiff's file reflects [an] earlier date [of filing] of July 22, 2010." (Mot. at 4.) But with either date – July 22 or July 29, 2010 – Azroui's claims relating to the September 22, 2007 arrest are time-barred. Azroui's tolling argument based on the one-refiling rule is unavailing.

Azroui further argues that dismissing his 2007 claims would be inappropriate at this stage because "other potential instances of tolling may be present, including the possible application of the doctrine of equitable estoppel." (Reply at 5.) Generally, a statute of limitations is an affirmative defense, which need not be anticipated by a complaint. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) ("[C]omplaints do not have to anticipate affirmative defenses to survive a motion to dismiss."). But Azroui's attempt to stave off dismissal by suggesting in his brief that equitable tolling "may" be present is not persuasive. Equitable tolling is used sparingly and only when the plaintiff shows extraordinary circumstances. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Bensman v. U.S. Forest Serv.*, 408 F.3d 945, 964 (7th Cir. 2005).

7

To survive dismissal, a complaint must state enough to show that a claim is not just possible but is plausible. *See E.E.O.C. v. Concentra Health Servs.,* 496 F.3d 773, 776 (7th Cir. 2007) (the allegations of a complaint "must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff pleads itself out of court"). Azroui has made no such showing with respect to an equitable tolling theory.

Accordingly, the Defendants' Motion to Dismiss claims based on Azroui's September 2007 arrest (Counts I, II, VII, and IX, in full, and Counts V, VI, and XI, in part) is granted.

*Section 1983 "Malicious Prosecution" Claim (Count IV)*

In Counts II and IV, Azroui asserts two claims of "malicious prosecution" based on a violation of his Fourth and Fourteenth Amendment rights. Count II has been dismissed as set forth above. With respect to Count IV, it is well-established that there is no such cognizable cause of action in federal court. *Newsome v. McCabe,* 256 F.3d 747 (7th Cir. 2001) ("[T]he existence of a tort claim [for malicious prosecution] under state law knock out any constitutional theory of malicious prosecution."); *see also McCullah v. Gadert,* 344 F.3d 655, 658-59 (7th Cir. 2003). Defendants' Motion to Dismiss Count IV is granted.

*Sections 1985 and 1986 Conspiracy Counts (Counts V and VI)*

Azroui's Sections 1985 and 1986 conspiracy claims, to the extent they are based on his 2007 arrest, have been dismissed. Therefore, only his conspiracy claims based on his 2009 arrest remain before the Court. Defendants argue that Azroui's conspiracy

claims relating to his 2009 arrest should be dismissed because they are based on "vague allegations" that fail to state a claim.

42 U.S.C. § 1985(3) prohibits conspiracies that deprive persons of federal rights or privileges. To sustain a claim under § 1985(3), four elements are required: "(1) a conspiracy; (2) a purpose of depriving any person of equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) injury to one's person or property or a deprivation of a right or privilege of a citizen of the United States." *Malone v. American Friends Service Committee*, 213 Fed. Appx. 490, 494-95 (7th Cir. 2007) (*Malone*).

At the threshold, Defendants argue that Azroui's § 1985 claim is barred by the statute of limitations. Here, Azroui's § 1985 claim[2] falls within the applicable two-year statute of limitations.[3] *See Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 n. 2 (7th Cir. 1995) (stating that section 1985 claim arising in Illinois is governed by the State's two-year statute of limitations for personal injury claims).

Before turning back to Azroui's substantive allegations, a brief discussion of against whom and under what circumstances Azroui may assert this claim is relevant. Azroui's Section 1985 claim appears to include allegations that are based on the doctrine

---

[2] In order to succeed, a Section 1985 claim must be based on an underlying violation of plaintiff's rights. *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 305 (7th Cir. 2011) (holding that the absence of any underlying violation of plaintiff's rights precludes the possibility of plaintiff succeeding on a Section 1985 claim); *Kitchen v. Burge*, No. 10 C 4093, 2011 WL 1485301, at *13 (N.D. Ill. Apr. 19, 2011) (holding that plaintiff's § 1983 claims are the underlying predicate violations of a constitutional right for plaintiff's § 1985 and § 1986 conspiracy claims). Here, the only underlying constitutional violation that remains before the Court is Azroui's Section 1983 False Arrest claim, relating to his 2009 arrest.

[3] Contrary to Azroui's position, the statute of limitations for Section 1985 claims is not 5 years.

of *respondeat superior*. Azroui alleges that "[a]ll other defendants were acting under [Hahs'] authority, and as such, [] she was responsible for their actions" and "Hahs, Brown, Chen, Kelly, Lyons, and Frank permitted those acting under their authority, and at their direction to discriminate against the Plaintiff." (*Id.* ¶¶ 12, 56.)

The doctrine of *respondeat superior* does not apply to actions pursuant to 42 U.S.C. § 1983 (or actions based thereon). *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). The Seventh Circuit has held that "'[a]n individual cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation.'" *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (quoting *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996)); *see also Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir.1997) ("We reiterate that personal involvement is a prerequisite for individual liability in a § 1983 action."). Therefore, Defendants' positions as administrative supervisors within NEIU are insufficient to be the basis of a Section 1983 claim. Here, Azroui has (barely) asserted that each of the Defendants had personal involvement in the alleged constitutional violations. But to the extent that Azroui's conspiracy claims are based on the Defendants' administrative positions at NEIU, rather than because of any personal involvement in the alleged conspiracy, the claims are dismissed with prejudice for failure to state a claim.

When viewed in the light most favorable to Azroui, his allegations are sufficient to state a claim under Section 1985, based on his 2009 arrest. Contrary to Defendants' position, there is no "heightened pleading requirements for asserting a conspiracy claim." (Mot. at 10.) To the contrary, the Seventh Circuit has made clear that conspiracy claims

10

under Section 1983 are not subject to a heightened pleading standard. *See, e.g., Tierney v. Vahle*, 304 F.3d 734, 742 (7th Cir. 2002). "[I]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Azroui's Second Amended Complaint satisfies this requirement.

First, Azroui alleges the existence of a conspiracy. (Sec. Am. Compl. ¶ 49.) Second, Azroui has pleaded that Defendants' alleged actions were motivated by discrimination against Azroui based on his country of national origin. (*Id.* ¶¶ 50, 56, 93.) *Cf. Brown v. JP Morgan Chase Bank*, 334 Fed. Appx. 758, 759-60 (7th Cir. 2009) (rejecting a claim under Section 1985 plaintiff failed to offer any "factual allegation to plausibly suggest [that defendants had] discriminatory state of mind.") (citation omitted). Third, Azroui has sufficiently pleaded that Defendants committed several acts in further of the conspiracy, including, but not limited to: unlawfully recording phone calls, falsely accusing him of being on campus, sending threatening letters, falsely arresting him, and maliciously prosecuting him for criminal trespass. Last, Azroui's Section 1983 False Arrest claim relating to his February 2009 arrest (Count III) – which Defendants have not moved to dismiss – may form the underlying predicate violation of Azroui's constitutional rights. *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 305 (7th Cir. 2011) (holding that the absence of any underlying violation of plaintiff's rights precludes the possibility of plaintiff succeeding on a Section 1985 claim).

Defendants further argue that Azroui's claims "lack facial plausibility." In *Twombly*, the Court held that the plaintiff must "state a claim to relief that is plausible on

its face." *Twombly*, 550 U.S. at 570. However, "'[p]lausibility' in this context does not imply that the district court should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank*, 614 F.3d 400, 406-07 (7th Cir. 2010) (noting even after *Twombly* and *Iqbal*, "the court will ask itself *could* these things have happened, not *did* they happen.") (emphasis in original). Azroui's allegations, when viewed in the light most favorable to him, state a claim pursuant to 42 U.S.C. § 1985(3).

Azroui's § 1986 claim, however, is barred by the statute of limitations. Section 1986 claims are governed by a one-year statute of limitations. *See* 42 U.S.C. § 1986 ("But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."). A civil rights claim accrues at the time a person becomes or should have become aware that she was injured, that is when she knows or should have known her constitutional rights have been violated. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). Azroui's claim could have accrued, at the latest, on April 23, 2009, when he was found not guilty of the 2009 criminal trespass charges. Even then, Azroui's § 1986 claim, which was filed on July 29, 2010, is untimely.

Defendants' remaining arguments as to Azroui's conspiracy claims are unavailing. First, Defendants argue that Azroui's Sections 1985 and 1986 claims are barred by the intra-corporate conspiracy doctrine. Under the intra-corporate conspiracy doctrine, a corporation or government entity cannot conspire with itself. *Travis v. Gary Cnty. Mental Health Ctr., Inc.*, 921 F.2d 108, 110-11 (7th Cir. 1990). "The intra-corporate conspiracy doctrine precludes members of the same entity from becoming

'conspirators' when they act *within the scope of their authority.*" *Fairley v. Andrews*, 300 F. Supp. 2d 660, 668 (N.D. Ill. 2004) (emphasis added). Here, Azroui has alleged that Defendants conspired to deprive him of his constitutional rights. Taking these allegations as true, Defendants were thus not acting within the scope of their authority at NEIU. Accordingly, Azroui's conspiracy claims are not barred by the doctrine of intra-corporate conspiracy.

Second, the Defendants point out that certain allegations in Azroui's Second Amended Complaint were raised in Azroui's 1999 complaint that he filed in this district court and which was dismissed for failure to state a claim. (Mot., Ex. E, 3/30/00 Order, *Azroui v. Hofler*, No. 99-cv-7318.)[4] Specifically, Azroui alleges that the Defendants forced instructors to give him a failing grade (Sec. Am. Compl. ¶ 54) and prevented him from completing his education (*id.* ¶ 59.) Defendants argue that "because [the district court] dismissed those claims with prejudice more than 10 years ago . . . these claims are plainly time-barred under Illinois' two-year statute of limitations." (Mot. at 14.) Presumably, the Defendants mean to employ the doctrine of collateral estoppel or *res judicata*; but, in its current state, the argument makes little sense.
See *Tyler v. Runyon*, 70 F.3d 458, 466 (7th Cir. 1995) ("This court has no duty to research and construct legal arguments available to a party, especially when he is represented by counsel."). As discussed above, Azroui's § 1985 claim relating to his

---

[4] This Court "may take judicial notice of documents in the public record . . . without converting a motion to dismiss into a motion for summary judgment." *Pugh v. Tribune Co.*, 521 F.3d 686, 691 (7th Cir. 2008). In *Azroui v. Hofler*, the district court dismissed Azroui's Complaint, holding that his claims against NEIU and a defendant-employee – in his official capacity – were barred by the Eleventh Amendment.

13

2009 arrest is limited by the applicable two-year statute of limitations. Therefore, Azroui may not rely on allegations that occurred more than 10 years ago to support his § 1985 claim, in any event.

Last, Defendants argue that Azroui's Section 1985 and 1986 conspiracy claims, to the extent they are not based on constitutional violations, are barred by the Eleventh Amendment, which bars "actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Peirick v. IUPUI Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007). NEIU is an arm of the State of Illinois under the Northeastern Illinois Law Act, 110 ILCS § 680/25-1, and, therefore, is entitled to protection under the Eleventh Amendment. *See Smith v. Northeastern Ill. Univ.*, 388 F.3d 559, 562 (7th Cir. 2004) (finding that NEIU is a state university). However, Azroui's Second Amended Complaint does not appear to assert any claims against Defendants in their official capacities. *Ameritech Corp. v. McCann*, 297 F.3d 582, 586 (7th Cir. 2002) ("[I]ndividual capacity suits do not implicate the Eleventh Amendment's protections.") But to the extent Azroui's claims do, such claims are barred.

Therefore, Defendants' Motion to Dismiss is denied as to Count V and granted as to Count VI.

*State-Law Conspiracy Claim*

Defendants also move to dismiss Azroui's state-law conspiracy claim relating to his 2009 arrest (Count XI) on the basis that there is no independent tort under Illinois law for civil conspiracy. As discussed above, Azroui's Section 1983 claims relating to this

February 2009 arrest are not subject to the Defendants' Motion to Dismiss and form the predicate acts upon which Azroui may base his conspiracy claim.

*Intentional Infliction of Emotional Distress*

Under Illinois law, to sustain a claim for intentional infliction of emotional distress, a plaintiff must establish: "(1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended that his conduct should inflict severe emotional distress, or knew that there was a high probability that his conduct would cause severe emotional distress; and (3) the defendant's conduct in fact caused severe emotional distress." *Wilson v. Norfolk & Western Ry. Co.*, 718 N.E.2d 172, 383 (Ill. 1999).

Defendants[5] argue only that Azroui has not demonstrated that any of the Defendants engaged in extreme or outrageous conduct. As the Illinois Supreme Court holds, conduct will be considered extreme and outrageous where "recitation of the facts to an average member of the community would have in him resentment against the actor, and lead him to exclaim, 'Outrageous.'" *Doe v. Calumet City*, 641 N.E.2d 498, 507 (Ill. 1994) (citing Restatement (Second) of Torts § 46, cmt d. at 73). In this case, Azroui's allegations, assumed to be true for this Motion to Dismiss, and when taken in the light most favorable to him, are sufficient to establish "extreme and outrageous" conduct. Azroui alleges that he was falsely arrested and maliciously prosecuted based on his country of national origin.

Accordingly, Defendants' Motion to Dismiss Count XII is denied.

---

[5] With the exception of Defendant Lyons who has filed an Answer to this Count. (Dkt. No. 45.)

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [42] is granted with respect to Counts I, II, IV, VI, VII, and IX in their entirety, and Counts V and XI, to the extent they are based on Azroui's September 2007 arrest. Defendants' Motion to Dismiss is denied as to Counts V and XI, to the extent they are based on Azroui's February 2009 arrest, and as to Count XII.

Date: 8-30-11

JOHN W. DARRAH
United States District Court Judge