# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| GHALEB AZROUI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | )   10 CV 4772 |
| | ) |
| SHARON HAHS, JEFFREY BROWN, CHONG | ) |
| TONG CHEN, CHRISTINE DOUGLAS, | ) |
| MICHAEL KELLY, LAWRENCE FRANK, | ) |
| NAUZER BALASARA, ALAN SHUB, JAMES | ) |
| LYONS Jr., PAUL KRUSZYNSKY, DAVID | ) |
| DECLET and UNKNOWN POLICE OFFICERS | ) |
| FROM NORTHEASTERN ILLINOIS POLICE | ) |
| DEPARTMENT, | ) |
| | ) |
|     Defendants. | ) |

## THIRD AMENDED COMPLAINT

1. This is a claim for violation of Plaintiff's civil rights as protected by the Constitution and the laws of the United States under 42 U.S.C. sections 1983, 1985, 1986, 1988 and the Fourteenth Amendment of the United States Constitution.

2. This court has jurisdiction pursuant to 28 U.S.C. sections 1343 and 1367.

3. Venue in this district is proper pursuant to 28 U.S.C. Sec. 1391(b), because the facts which give rise to the claims asserted herein occurred in the Northern district of Illinois.

4. The plaintiff is Ghaleb Azroui.

5. Plaintiff is a resident of Chicago, Cook County, Illinois and lives in the Northern District of Illinois.

6. Plaintiff received a Bachelor of Arts degree from Northeastern Illinois University.

7. As an alumnus of Northeastern Illinois University, Plaintiff has a right to use the library and visit the campus and participate in activities and events.

8. Defendants are all employees of Northeastern Illinois University.

9. Northeastern Illinois University is a state owned and operated university located in Chicago, Cook County, Illinois.

10. At all relevant times, all Defendants were acting under the authority of Northeastern Illinois University, an institution of the State of Illinois.

11. At all times relevant to this complaint, Defendant Sharon Hahs was the president of Northeastern Illinois University.

12. All other defendants were under her authority, and as such, and she was responsible for their actions.

13. At all relevant times, Defendant Michael Kelly was the Dean of Students at Northeastern Illinois University.

14. At all times relevant to this complaint, Defendant Lawrence Frank was the Provost of Northeastern Illinois University.

15. At all times relevant to this complaint, Defendant Jeffrey Brown was an attorney and counsel for Northeastern Illinois University.

16. At all times relevant to this complaint, Defendant Chong Tong Chen, was the Department Chair of the Accounting Finance and Business Department at Northeastern Illinois University.

17. At all times relevant to this complaint, Defendant Christine Douglas, was an employee at Northeastern Illinois University, functioning as the point person in

the undergraduate and graduate programs of the Accounting Finance and Business Department.

18. At all times relevant to this complaint, Defendant Nauzer Balasara, was a professor in the Accounting Finance and Business Department at Northeastern Illinois University.

19. At all times relevant to this complaint, Defendant Alan Shub was a Department Chair in the Accounting Finance and Business Department and Associate Dean and Northeastern Illinois University.

20. At all times relevant to this complaint, Defendant James Lyon was the chief of the Northeastern Illinois University police force.

21. At all times relevant to this complaint, Defendant Paul Kruszynsky was a lieutenant and a sworn law enforcement officer of the Northeastern Illinois University police force.

22. At all times relevant to this complaint, Defendant David Declet was a sworn law enforcement officer of the Northeastern Illinois University police force.

23. On September 25, 2007, Plaintiff was lawfully on the campus of Northeastern Illinois University for legitimate reasons, including to register for master level courses at the University.

24. On September 25, 2007, Plaintiff was arrested for the offense of criminal trespass to state supported land.

25. Plaintiff was arrested by officers of the Northeastern Illinois University police force; the identity of the particular officers is unknown at this time.

26. The arrest of the Plaintiff was ordered by Defendants Lyons and Kruszynsky.

3

27. Following this arrest, Plaintiff was incarcerated.

28. While incarcerated, Plaintiff experienced emotional and physical distress.

29. On September 28, 2007, Defendant was charged with the offense of criminal trespass to state supported land in the Case No. 07MC1272186.

30. On November 8, 2007, the case against the Plaintiff was terminated in a manner indicating that the Plaintiff was innocent.

31. On that day, the case against the Plaintiff was stricken from the call, a demand for trial was entered, and the time in which to reinstate the case has expired.

32. On or about February 24, 2009, the Plaintiff was lawfully present on the campus of Northeastern Illinois University in the County of Cook, State of Illinois.

33. Plaintiff was at the address of 3601 W. Bryn Mawr Ave., Chicago, Cook County, Illinois.

34. At that time, Plaintiff was arrested without a warrant or without probable cause that Plaintiff had committed, was committing or was about to commit a crime.

35. Plaintiff was arrested by officers of the Northeastern Illinois University police force, including Defendant Declet.

36. The arrest of the Plaintiff was ordered by Defendants Lyons and Kruszynsky.

37. Following his seizure, Plaintiff was searched without a warrant or reasonable cause.

38. Following his arrest, Plaintiff was incarcerated.

39. While incarcerated, Plaintiff experienced emotional and physical distress.

40. Following his arrest, Plaintiff was charged with the offense of criminal trespass to state land in the Circuit Court of Cook County, case number 09MC1216106.

41. On April 23, 2009, these charges were terminated in a favor of Plaintiff in a manner indicating that the Plaintiff was innocent.

42. On that day, the plaintiff was found not guilty following a bench trial before the Honorable Thomas Byrne.

43. On July 1, 2009, the Circuit Court of Cook County entered an order ordering the Northeastern Illinois University Police to expunge all arrests from the Plaintiff's record.

44. A copy of this order was served upon the Northeastern Illinois University police.

45. Even though they received such order, the Northeastern Police Department refused to expunge the Plaintiff's arrest record.

46. These two arrests were the only two of Plaintiff's life; prior to these arrests, Plaintiff had no records of any arrests.

47. Defendant Brown unlawfully recorded phone calls made by the Plaintiff without permission.

48. Defendants Kruszynsky and another Northeastern Police officer also unlawfully recorded phone calls made by the Plaintiff. These Defendants did so at the direction of Defendant Lyons.

49. All Defendants conspired to act together to ban the Plaintiff from the University, have him unlawfully arrested for being present in the grounds of the University, and have him criminally prosecuted under the laws of Illinois.

50. All the Defendants actions, including banning Plaintiff from the University, having him unlawfully arrested, and having him criminally prosecuted were

motivated by racial discrimination because the grounds that the Plaintiff was from the country of Jordan.

51. Plaintiff is not Muslim; he is of the Christian faith.

52. Defendants Hahs, Brown, Kelly, Frank, Chen, Shub and Lyons also failed to investigate Plaintiff's repeated complaints of discrimination and, in fact routinely covered up those complaints in further of the conspiracy against the Plaintiff.

53. Defendant Douglas falsely stated that Plaintiff was on the campus when in fact he had not been on the campus.

54. Defendant Alan Shub discriminated against the Plaintiff by telling other instructors to give the Plaintiff a failing grade.

55. Defendant Alan Shub also attempted to get the Plaintiff in trouble with the police by falsely claiming that the plaintiff had sent threatening letters.

56. Defendants Hahs, Brown, Chen, Kelly, Lyons and Frank permitted those acting under their authority, and at their direction to discriminate against the Plaintiff based on the fact that he was from the country of Jordan.

57. Defendants Hahs and Brown were responsible for ordering the Northeastern University Police to have the plaintiff arrested on baseless charges.

58. At all times, all defendants acted knowingly, intentionally, and maliciously.

59. Defendants injured Plaintiff by:
    a. Falsely arresting and instituting criminal charges and proceedings against the plaintiff on the two occasions set forth above;
    b. Generating false police reports and other documentation to cover up his misconduct to support the false arrest and false felony charge;

6

    c. Harassing and inflicting emotional damages on Plaintiff;

    d. Conspiring to unjustly ban the Plaintiff from the campus of Northeastern Illinois University and prevent him from completing his education.

    e. Failing to expunge this false criminal record even after a court order mandated that such action be taken.

60. The actions of all Defendants foreseeably caused each Plaintiff great emotional harm and the harm has been long term and severe.

61. As a result of the actions of the defendants, the Plaintiff suffered psychological injury, emotional harm, mental anguish, was deprived of his liberty, was prosecuted unjustly and maliciously.

62. The Defendants failed to properly expunge the plaintiff's previous record pursuant to an order entered by the Cook County Circuit Court.

63. On June 22, 2009, Plaintiff filed a complaint in the Municipal Division of the Circuit Court of Cook County, 10 M1 15378 against Defendants Douglas, Shub, Balsara, Hahs, Brown, Kelly, Frank and Lyons alleging that they had unlawfully caused his arrest for trespassing and conspired to prevent him from continuing his education at Northeastern Illinois University.

64. On July 29, 2009, the case filed by Plaintiff in the Municipal Division of the Circuit Court of Cook County 09M1 15378 was voluntarily dismissed without prejudice pursuant to Plaintiff's motion.

65. On February 25, 2010, Plaintiff filed a complaint in the Municipal Division of the Circuit Court of Cook County, 10 M1 12234 against Defendants Chen Douglas, Shub, Balsara, Hahs, Brown, Kelly, Frank and Lyons alleging that they had

7

unlawfully caused his arrest for trespassing and conspired to prevent him from continuing his education at Northeastern Illinois University.

66. On June 29, 2010, the case filed by Plaintiff in the Municipal Division of the Circuit Court of Cook County 10 M1 12234 was dismissed pursuant to the Defendant's Motion to dismiss on the grounds that suit was barred by Sovereign Immunity.

67. Plaintiff demands that this case be tried by a jury.

### COUNT I
(False Arrest/Unlawful Detention Section 1983 Arrest of September 25, 2007)

68. Plaintiff hereby incorporates paragraphs 1 through 67 as if pled herein.

69. Plaintiff asserts that the actions of the Defendants acting individually and in concert, falsely arrested and unlawfully detained Plaintiff without justification and without probable cause on September 25, 2007.

70. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the plaintiff.

71. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to: psychological injury, emotional harm, mental anguish, was deprived of his liberty, was prosecuted unjustly and maliciously.

72. The aforementioned actions of the Defendants were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

## COUNT II
(Malicious Prosecution Section 1983 Case No. 07MC1272186)

73. Plaintiff hereby incorporates paragraphs 1 through 67 as if pled herein.

74. Plaintiff asserts that the actions of the Defendants acting individually and in concert, caused Plaintiff to be charged wrongfully and unjustly with a criminal offense – criminal trespass to state supported land in case No. 07MC1272186.

75. That case was dismissed in a manner indicative of the Plaintiff's innocence.

76. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the plaintiff.

77. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to: psychological injury, emotional harm, mental anguish, was deprived of his liberty, was prosecuted unjustly and maliciously.

78. The aforementioned actions of the Defendants were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

## COUNT III
(False Arrest Section 1983 Arrest of February 24, 2009)

79. Plaintiff hereby incorporates paragraphs 1 through 67 as if pled herein.

80. Plaintiff asserts that the actions of the Defendants acting individually and in concert, falsely arrested and unlawfully detained Plaintiff without justification and without probable cause on February 24, 2009.

81. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the plaintiff.

82. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to: psychological injury, emotional harm, mental anguish, was deprived of his liberty, was prosecuted unjustly and maliciously.

83. The aforementioned actions of the Defendants were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

## COUNT IV
(Malicious Prosecution Section 1983 Case No. 09MC1216106)

84. Plaintiff hereby incorporates paragraphs 1 through 67 as if pled herein.

85. Plaintiff asserts that the actions of the Defendants acting individually and in concert, caused Plaintiff to be charged wrongfully and unjustly with a criminal offense – criminal trespass to state supported land in case No. 09MC1216106.

86. That case was dismissed in a manner indicative of the Plaintiff's innocence.

87. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the plaintiff.

88. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to: psychological injury, emotional harm, mental anguish, was deprived of his liberty, was prosecuted unjustly and maliciously.

89. The aforementioned actions of the Defendants were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

**COUNT V**
(Conspiracy Section 1985 Depriving Person of Rights and Privileges)

90. Plaintiff hereby incorporates paragraphs 1 through 67 as if pled herein.

91. Plaintiff asserts that the actions of the Defendants acting in concert were conspiratorial in nature.

92. Such conspiratorial actions were designed to injure the Plaintiff, and did in fact cause injury to him by:

    a. Banning him from Northeastern Illinois University;

    b. Preventing him from completing his education at Northeastern Illinois University;

    c. Causing Plaintiff to be falsely and unjustly arrested on two separate occasions;

    d. Causing Plaintiff to be charged, in the Circuit Court of Cook County, wrongfully and unjustly with a criminal offense - criminal trespass to state supported land – on two separate occasions;

93. Defendants conspired for the purpose of depriving Plaintiff, directly or indirectly, equal protection under the laws because of his national origin, being from the country of Jordan.

94. One or more of the Defendants committed an act in furtherance of the object of such conspiracy.

95. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the plaintiff.

96. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to: psychological injury, emotional harm, mental anguish, was deprived of his liberty, was prosecuted unjustly and maliciously.

97. The aforementioned actions of the Defendants were the direct and proximate cause of the violations of federal law section 1985.

## COUNT VI
(Action for Neglect to Prevent Conspiracy Section 1986 Against Defendants Hahs, Brown, Kelly, Shub, Frank, Chong, and Lyons)

98. Plaintiff hereby incorporates paragraphs 1 through 67 as if pled herein.

99. Plaintiff asserts that individuals were acting in concert of a conspiratorial nature in an attempt to harm him as detailed above.

100. Such conspiratorial actions were designed to injure the Plaintiff, and did in fact cause injury to him by:

   a. Banning him from Northeastern Illinois University;

   b. Preventing him from completing his education at Northeastern Illinois University;

   c. Causing Plaintiff to be falsely and unjustly arrested on two separate occasions;

    d. Causing Plaintiff to be charged, in the Circuit Court of Cook County, wrongfully and unjustly with a criminal offense - criminal trespass to state supported land – on two separate occasions;

101. Defendants Hahs, Brown, Kelly, Shub, Frank, Cheng, and Lyons each had knowledge that others had conspired to injure the Plaintiff.

102. Defendants Hahs, Brown, Kelly, Shub, Frank, Chen, and Lyons had the power to prevent or aid in the prevention of the conspiracy from proceeding to injure the Plaintiff.

103. Defendants Hahs, Brown, Kelly, Shub, Frank, Chen, and Lyons neglected to and/or refused to prevent the conspiracy or aid in the prevention of the conspiracy.

104. If Defendants Hahs, Brown, Kelly, Shub, Frank, Chen, and Lyons had acted in appropriately and with reasonable diligence, they could have prevented injuries to the Plaintiff.

105. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to: psychological injury, emotional harm, mental anguish, was deprived of his liberty, was prosecuted unjustly and maliciously.

106. The aforementioned actions of the Defendants were the direct and proximate cause of the violations of federal law – section 1986.

### COUNT VII
(False Arrest Illinois State law claim Arrest of September 25, 2007)

107. Plaintiff hereby incorporates paragraphs 1 through 67 as if pled herein.

108. Plaintiff asserts that the actions of the Defendants acting individually and in concert, falsely arrested and unlawfully detained Plaintiff without justification and without probable cause on September 25, 2007.

109. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the plaintiff.

110. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to: psychological injury, emotional harm, mental anguish, was deprived of his liberty, was prosecuted unjustly and maliciously.

111. The aforementioned actions of the Defendants were the direct and proximate cause of the violations of Plaintiff asserts that the actions described above demonstrate a violation of Illinois law as he was falsely arrested.

### COUNT VIII
(False Arrest Illinois State law claim Arrest of February 24, 2009)

112. Plaintiff hereby incorporates paragraphs 1 through 67 as if pled herein.

113. Plaintiff asserts that the actions of the Defendants acting individually and in concert, falsely arrested and unlawfully detained Plaintiff without justification and without probable cause on February 24, 2009.

114. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the plaintiff.

115. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to: psychological

injury, emotional harm, mental anguish, was deprived of his liberty, was prosecuted unjustly and maliciously.

116. The aforementioned actions of the Defendants were the direct and proximate cause of the violations of Plaintiff asserts that the actions described above demonstrate a violation of Illinois law as he was falsely arrested.

## COUNT IX
(Malicious Prosecution Illinois State law claim Case No. 07MC1272186)

117. Plaintiff hereby incorporates paragraphs 1 through 67 as if pled herein.

118. Plaintiff asserts that the actions of the Defendants acting individually and in concert, caused Plaintiff to be charged wrongfully and unjustly with a criminal offense – criminal trespass to state supported land in case No. 07MC1272186.

119. That case was dismissed in a manner indicative of the Plaintiff's innocence.

120. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the plaintiff.

121. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to: psychological injury, emotional harm, mental anguish, was deprived of his liberty, was prosecuted unjustly and maliciously.

122. The aforementioned actions of the Defendants were the direct and proximate cause of the violations of the laws of the State of Illinois.

15

## COUNT X
(Malicious Prosecution Illinois State law claim Case No. 09MC1216106)

123.  Plaintiff hereby incorporates paragraphs 1 through 67 as if pled herein.

124.  Plaintiff asserts that the actions of the Defendants acting individually and in concert, caused Plaintiff to be charged wrongfully and unjustly with a criminal offense – criminal trespass to state supported land in case No. 09MC1216106.

125.  That case was dismissed in a manner indicative of the Plaintiff's innocence.

126.  The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the plaintiff.

127.  As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to: psychological injury, emotional harm, mental anguish, was deprived of his liberty, was prosecuted unjustly and maliciously.

128.  The aforementioned actions of the Defendants were the direct and proximate cause of the violations of the laws of the State of Illinois.

## COUNT XI
(Conspiracy – Illinois law)

129.  Plaintiff hereby incorporates paragraphs 1 through 67 as if pled herein.

130.  Plaintiff asserts that the actions of the Defendants acting in concert were conspiratorial in nature.

131.  One or more of the Defendants committed at least one act in furtherance of the conspiracy.

132. Such conspiratorial actions were designed to injure the Plaintiff, and did in fact cause injury to him by:

    a. Banning him from Northeastern Illinois University;

    b. Preventing him from completing his education at Northeastern Illinois University;

    c. Causing Plaintiff to be falsely and unjustly arrested on two separate occasions;

    d. Causing Plaintiff to be charged, in the Circuit Court of Cook County, wrongfully and unjustly with a criminal offense - criminal trespass to state supported land – on two separate occasions;

133. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the plaintiff.

134. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to: psychological injury, emotional harm, mental anguish, was deprived of his liberty, was prosecuted unjustly and maliciously.

135. The aforementioned actions of the Defendants were the direct and proximate cause of the violations of the laws of the State of Illinois.

**COUNT XII**
(Intentional Infliction of Emotional Distress Illinois State Law Claim)

136. Plaintiff hereby incorporates paragraphs 1 through 67 as if pled herein.

137.    Plaintiff asserts that the actions of the Defendants acting individually and in concert, intended to and in fact did cause Plaintiff emotional distress.

138.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the plaintiff.

139.    As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to: psychological injury, emotional harm, mental anguish, was deprived of his liberty, was prosecuted unjustly and maliciously.

140.    The aforementioned actions of the Defendants were the direct and proximate cause of the violations of the laws of the State of Illinois.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A. Enter judgment against all Defendants;

B. Award compensatory damages to compensate for emotional harm, pain and suffering, loss of income, and loss of enjoyment of life.

C. Award punitive damages against each individual defendant.

D. Award attorney fees against all Defendants;

E. Any other relief this Court deems just and appropriate.

Respectfully submitted,

By: /s/ Robert Robertson

Appointed Attorney for Plaintiff

1137 W. Tayor St. #123
Chicago, Illinois 60602
708-334-8699