**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| GHALEB AZROUI,<br><br>Plaintiff,<br><br>v.<br><br>SHARON HAHS, JEFFREY BROWN, CHONG TONG CHEN, CHRISTINE DOUGLAS, MICHAEL KELLY, LAWRENCE FRANK, NAUZER BALASARA, ALAN SHUB, JAMES LYONS Jr., PAUL KRUSZYNSKY, DAVID DECLET and UNKNOWN POLICE OFFICERS FROM NORTHEASTERN ILLINOIS POLICE DEPARTMENT,<br><br>Defendants. | ) | 10 CV 4772 |

**APPOINTED COUNSEL ROBERT ROBERTSON'S MOTION TO WITHDRAW**

1. Plaintiff filed a claim for the violation of his civil rights as protected by the Constitution and the laws of the United States under 42 U.S.C. sections 1983, 1985, 1986, 1988 and the Fourteenth Amendment of the United States Constitution.
2. This court appointed Respondent, Robert Joseph Lane Robertson, to act as counsel on a *pro bono* basis.
3. After his appointment, Movant Counsel filed an Amended Complaint, a Second Amended Complaint, and a Third Amended Complaint.
4. Movant Counsel also filed a response to the Motion to Dismiss filed by Defendants and a Motion to Reconsider the Court's initial ruling. After these motions, there are ten counts that remain from Plaintiff's Third Amended Complaint.

5. Movant Counsel is an experienced attorney and has dealt with a number of difficult clients and individuals throughout his years of practice.

6. Although there have been repeated and lengthy meetings, phone calls and other communications between Movant Counsel and Plaintiff, Plaintiff does not appear to grasp or is unwilling to accept the manner in which a legal case works through the system.

7. Movant Counsel believes that there is an unresolvable and irreconcilable conflict that has developed between Movant and Plaintiff regarding this case.

8. Plaintiff initially filed a Motion for Change of Counsel in which he was critical of the representation by Movant counsel. Plaintiff withdrew this motion only after it became clear that he would not receive another court-appointed attorney if his motion were granted.

9. Plaintiff has been unwilling to accept most recommendations from Movant counsel, instead repeatedly insisting that Movant do what the Plaintiff says because Movant was appointed to be his counsel.

10. Plaintiff has tried to file his own motions on several occasions, including his most recent motion for miscellaneous relief.

11. Plaintiff has wanted to file a number of amended complaints, seeking to add counts claiming that Defendants have conspired with the US Marshals to deny him his rights and that Defendants committed fraud by intentionally sending a poor copy of the dismissal order from Plaintiff's case that was pending in the Circuit Court of Cook County.

12. Movant Counsel has repeatedly advised Plaintiff that there is no cause of action that would be appropriate for either of these claims. Plaintiff refuses to accept this fact.
13. Movant has advised Plaintiff to stay way from the Federal Building and let Movant handle the matters; Plaintiff has insisted on repeatedly entering the building to check on the status of the case.
14. Movant has repeatedly advised Plaintiff to avoid the US Marshals; Plaintiff has not heeded this advise.
15. Of most concern is the Plaintiff's misrepresentations regarding the potential settlement conference in this case.
16. In his Motion, Plaintiff claims that on October 4, 2011, he told Movant before the case was called that he did not want to participate in any settlement conference.
17. This is completely false; Plaintiff agreed to having the matter referred to Judge Kim for settlement and was in open Court when both parties requested the settlement and when the referral was made.
18. It was only later that night after hearing that the next court date was December 13, 2011, that Plaintiff first objected to any settlement as the case should be tried in November.
19. Movant should not have to be subjected to accusations of serious professional impropriety and must defend himself from these allegations. This irreparably has damaged the attorney-client privilege and created a conflict between Movant and Plaintiff.

20. This is the second time that Movant's professionalism and conduct has been attacked by the Plaintiff in motions.

21. Also, Plaintiff has repeatedly insisted that Movant file a Motion to advance the case so it could be heard just three weeks sooner. Movant has repeatedly refused to do so and has explained the discovery process to Plaintiff at least ten times. Plaintiff refuses to accept the discovery process. Instead of heeding Movant's advice, Plaintiff has filed his own motion asking for this relief.

22. Movant believes that Plaintiff will not be able to function with Movant as Counsel for the remainder of this case. Despite statements to the contrary whenever it appears he may lose his appointed counsel, Plaintiff is simply not happy with the actions taken by Movant.

23. Movant does not believe that he will be able to function as counsel. In his motion, the Plaintiff is asking this Court to effectively order Movant to do whatever Plaintiff demands. Movant does not believe that he can do this while obeying the rules of this court and avoiding sanctions.

24. Movant has exhausted all reasonable avenues of client representation and cannot continue to represent Plaintiff because of the reoccurring and serious conflicts that continually arise, sometimes on a daily basis.

25. Movant believes that the appointment of different counsel would not correct most of these issues.

26. As a result, Movant seeks leave to withdraw as counsel for Plaintiff in this case.

27. Movant Counsel seeks any additional relief the Court deems just.

.

Respectfully submitted,

By: /s/ Robert Robertson

Appointed Attorney for Plaintiff

1137 W. Taylor St. #123
Chicago, Illinois 60607
708-334-8699